UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANN MARIE WHEELER, INDIVIDUALLY
AND AS SPECIAL ADMINISTRATRIX OF
THE ESTATE OF YOLANDA JO WHEELER,
DECEASED                                                                                         PLAINTIFF


v.                                        CASE NO. 3:06-CV-00068 GTE

JOSHUA CARLTON AND
MARTEN TRANSPORT, LTD                                                           DEFENDANTS

**ORDER**

Presently before the Court are Defendants' Motion in Limine to Exclude Certain Scene Photographs, Defendants' Motion in Limine to Exclude the Deposition Testimony of Dr. Martin J. Croce, Defendants' Motion in Limine to Exclude Certificate of Death of Yolanda Wheeler, Defendants' Motion in Limine to Exclude the Medical Records of Yolanda Wheeler, Defendants' Motion in Limine to Exclude Photographs of Yolanda Wheeler and Family and Funeral Brochure of Yolanda Wheeler, Defendants' Motion in Limine to Exclude Certain Exhibits Identified by Plaintiff, and Defendant's Motion and Amended Motion in Limine to Exclude Certain Depositions.

**I. Background**

The accident giving rise to this suit occurred on October 4, 2005 at the intersection of State Highway 118/North Airport Road and West Service Road in West Memphis, Arkansas. It is undisputed that Joshua R. Carlton was operating a tractor and trailer owned by Marten Transport, Ltd. ("Marten Transport"). It is also undisputed that Mr. Carlton was traveling north

on State Highway 118/North Airport Road prior to the accident, and stopped at the intersection of State Highway 118/North Airport Road and West Service Road in order to make a left turn.

Plaintiff maintains that Yolanda Wheeler, Plaintiff's decedent, was traveling south on State Highway 118/North Airport Road prior to the collision, and that Mr. Carlton made a left turn into the path of the decedent's vehicle, thus causing the accident.  Defendants maintain that Yolanda Wheeler was traveling east on the West Service Road just prior to the accident, and that as she approached the rear of the second vehicle which was stopped at the stop sign on the West Service Road, she veered left across the double yellow line of the West Service Road in order to avoid striking the rear of the second vehicle and then traveled forward in the oncoming or wrong lane of the West Service Road as she approached State Highway 118/North Airport Road. Defendants state that as the decedent proceeded forward in the wrong lane of the West Service Road, Mr. Carlton was slowly making his left-hand turn onto the West Service Road, and that just prior to impact, the decedent swerved back to her right and collided with the front of the tractor being operated by Mr. Carlton.  The major area of impact damage was on the drivers' side (the left side) of each vehicle.

Plaintiff's action was originally filed in the Circuit Court of Crittenden County, Arkansas, but was subsequently removed to this Court.  The original action brought by the Plaintiff alleged that the accident was caused by the negligence or fault of Joshua R. Carlton while operating a tractor and trailer owned by Marten Transport within the scope of his employment with Marten Transport.  After removal, the Defendants answered the Complaint and denied that the accident was caused by any negligence or fault of Joshua R. Carlton.  The Defendants admitted the tractor and trailer being operated by Mr. Carlton at the time of the

accident was owned by Marten Transport and further admitted Mr. Carlton was an employee of Marten Transport at the time of the accident and acting within the scope of his employment.

Plaintiff filed an Amended and Substituted Motion for Leave to Amend, which added a claim for negligent hiring and retention and punitive damages. The Court granted the Motion for Leave to Amend. Subsequently, the Court granted Defendant Marten Transport's Motion for Summary Judgment on the issue of punitive damages, which resulted in the dismissal of the negligent hiring and retention claims.

## II. Motions in Limine

### A. Motion in Limine - Scene Photographs (Docket No. 66)

As set forth in this Court's previous Order, Defendants move this Court for an Order prohibiting the Plaintiff from introducing certain photographs taken by the West Memphis Police Department and the Evening Times which depict the decedent, Yolanda Wheeler, paramedics working to remove Ms. Wheeler from her damaged automobile, paramedics transporting Ms. Wheeler to the life flight helicopter and the life flight helicopter. Defendants argue that there is no issue concerning the cause of Ms. Wheeler's death, as Defendants have admitted that Ms. Wheeler died as the result of the injuries sustained in the accident giving rise to this matter and that Ms. Wheeler was removed from the scene by rescue personnel and transported to the hospital by a life flight helicopter. Therefore, Defendants argue that the probative value of the described photographs is substantially outweighed by the danger of unfair prejudice to the Defendants pursuant to Federal Rule of Evidence 403.

Plaintiffs argue that the standard under Rule 403 has not been met in this case. Plaintiffs argue that the photographs being challenged by Defendants are admissible because while they

contain some minor images of blood, they are highly informative and will not prejudice the jury. Plaintiffs state that the "photographs provide a visual explanation of where the accident happened," "the aftermath of what happened at the accident scene," and "the nature of the injuries." Plaintiffs state that it is immaterial that Defendants have admitted the cause of death, as the Plaintiff has a right to put on evidence of what Yolanda's Wheeler's injuries were and how she actually died." Plaintiffs also argue that the photographs reflect how Yolanda Wheeler looked when her family saw her and are relevant to damages they suffered as a result. Finally, Plaintiffs argue that the photographs provide important information regarding impact of the vehicles and direction of travel, which is in dispute.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible at trial. Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  However, evidence, such as the photographs at issue here, may be excluded if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.  The Rule 403 Note of the Advisory Committee states, "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir. 1983).  In criminal cases, the Eighth Circuit has found that under Rule 403 , "relevant photographs of a victim should be admitted unless [they are] 'so gruesome or inflammatory that [their] prejudicial impact substantially outweighs [their] probative value.' " *United States v. Ortiz*, 315 F.3d 873,

897 (8th Cir. 2002) (citing *United States v. Davidson,* 122 F.3d 531, 538 (8th Cir.1997) (quoting *United States v. Petary,* 857 F.2d 458, 463 (8th Cir.1998)).  However, in *Ortiz*, the photographs established the circumstances surrounding the murder of the victim, including that the victim had been bound with duct tape and beaten, and supported the government's contention that the crime was particularly heinous.  315 F.3d at 897.

It is now clear that the family of Yolanda Wheeler was not on the scene of the accident while Ms. Wheeler was in the vehicle.  However, Plaintiff states that the images reflect Ms. Wheeler's appearance at the hospital, as she "still had glass on her they hadn't cleaned up."  Plaintiff also argues that Ms. Wheeler may have even appeared worse at the hospital than she does in the photographs because in the hospital, she was also on a breathing machine.  Plaintiff contends that the photographs are relevant to the mental anguish that the family suffered as well as the injuries suffered by Ms. Wheeler as a result of the accident.

Previously, the Court stated:

If there were no "beneficiary" family members on the scene of the accident, the Court will likely find that probative value of the photographs submitted by Defendants as Exhibits 1 through 4 to the Brief in Support of Defendants' Motion in Limine – Scene Photographs, which depict (1) Ms. Wheeler in the vehicle after the accident, (2) the helicopter that transported Ms. Wheeler to the hospital, (3) the rescue team attempting to remove Ms. Wheeler from the vehicle and (4) the helicopter in relation to the accident and Ms. Wheeler on a stretcher with rescue crews working around her, is substantially outweighed by the danger of unfair prejudice.  The photographs have an undue tendency to suggest decision on an emotional basis.  Furthermore, the Court finds that other pictures exist that better depict the vehicle in relation to the accident scene, "a visual explanation of where the accident happened," and would provide the jury with an accurate view of the damage to the vehicle, than Exhibits 1 and 3.  Also, information regarding how Ms. Wheeler was transported to the hospital can easily be obtained through testimony without the need of introducing cumulative evidence in the form of photographs.  It is unclear to the Court how these photographs "provide important information regarding impact of the vehicles and direction of travel" that is not depicted in a more helpful way in other photographs submitted to the Court in

>   various motions. Thus, to allow the introduction of these photographs would also
>   be cumulative. Therefore, this motion is held in abeyance pending receipt of
>   clarification as to whether any "beneficiary" family members were at the scene of
>   the accident and receipt of the actual photo exhibits on or before January 24,
>   2007. At that time, the Court will rule on the motion.

The Court finds that photographs one through three should be excluded. However, because of the relevance of the layout of the scene of the accident to this case, photograph number four, which depicts scene of the accident is admissible. The motion is granted in part and denied in part.

### B. Defendants' Motion in Limine to Exclude the Deposition Testimony of Dr. Martin J. Croce (Docket No. 102)

Defendants contend that the deposition testimony of Dr. Croce is not relevant and, even if relevant, should be excluded because the probative value is substantially outweighed by the issues enumerated in Rule 403 of the Federal Rules of Evidence. Defendants state that they have stipulated that Yolanda Jo Wheeler died on October 6, 2005 as a result of injuries sustained in the vehicular accident on October 4, 2005, and intend to stipulate the admissibility of all medical bills related to the care and treatment of Ms. Wheeler. Defendants further state that Dr. Croce testified that he was unable to say that the decedent experienced any pain or discomfort.

Plaintiff contends that Dr. Croce's testimony explains, in a very technical, medical manner, what injuries the decedent sustained in the accident, what injury ultimately led to her death and what decisions her family had to make. Plaintiff argues that this testimony is relevant to the jury's full understanding of the accident itself and to the family's mental anguish suffered as the result of Ms. Wheeler's death. Plaintiff states that she is entitled to put on evidence regarding the steps taken to treat Ms. Wheeler and evidence regarding the decision the family ultimately had to make regarding Ms. Wheeler's care. Plaintiff contends that without this

evidence, the jury cannot adequately assess what the family was going through those hours until 2:45 a.m. on October 6, 2005 when Ms. Wheeler passed away or the damages that Yolanda Wheeler may be entitled to as the result of her injuries. However, it appears that Ms. Wheeler will not be seeking damages for conscious pain and suffering, as it appears to be undisputed that Ms. Wheeler did not regain consciousness at any time after the accident. After careful consideration of the issue, the Court finds that Mr. Croce's testimony is admissible. Defendants' motion is denied.

### C. Defendants' Motion in Limine to Exclude Certificate of Death of Yolanda Wheeler (Docket No. 104)

Defendants move to exclude the death certificate of Yolanda Wheeler. Plaintiff states that she does not intend to admit Ms. Wheeler's death certificate as an exhibit at trial. Therefore, the motion is denied as moot.

### D. Defendants' Motion in Limine to Exclude the Medical Records of Yolanda Wheeler (Docket No. 107)

Defendants move to exclude Yolanda Wheeler's medical records. Plaintiff states that because Defendants have agreed to stipulate to the medical bills, Plaintiff no longer intends to admit any of Yolanda Wheeler's medical records. Therefore, the motion is denied as moot.

### E. Defendants' Motion in Limine to Exclude Photographs of Yolanda Wheeler and Family and Funeral Brochure of Yolanda Wheeler (Docket No. 109)

Defendants state that Plaintiff has identified an exhibit to be used at trial which is actually a binder or notebook full of numerous photographs of the decedent and her family as well as several documents connected with her funeral. While Defendants do not object to a photograph or even several photographs depicting the decedent, the Defendants contend that this binder of approximately thirty-eight separate photographs of the decedent and her family and

material from her funeral will be unfairly prejudicial. Defendants request that the Court order Plaintiff to require Plaintiff to select a reasonable number of photographs from the notebook and prohibit the Plaintiff from introducing the funeral brochure at trial.

Plaintiff agrees that the page quoted by Defendants, page 2 of the funeral brochure, will not be admitted. Plaintiff states that she would agree to submit as exhibits only photographs that contain photographs of Yolanda Wheeler with her immediate family (mother, father, son, brothers, or sister). The Court finds that the funeral brochure should be excluded in its entirety. Furthermore, the Court will allow selected photographs of Yolanda Wheeler and her immediate family, and will further instruct the parties at the beginning of trial. The motion is granted.

**F.  Defendants' Motion in Limine to Exclude Certain Exhibits Identified by Plaintiff (Docket No. 112)**

Defendants move to exclude the following as potential exhibits: (1) Carlton's application; (2) the log falsification memorandum and log; (3) Marten Transport's file on Carlton; (4) Federal Motor Carrier Safety Regulation Pocket Guide; and (5) documents submitted as exhibits to previous filings. Plaintiff states that she does not intend to introduce any of these as exhibits in trial. Therefore, the motion is denied as moot.

**G.  Defendant's Motion (Docket No. 114) and Amended Motion in Limine to Exclude Certain Depositions (Docket No. 120)**

Defendants object to Defendants' deposition designations as follows: (1) Dr. Martin J. Croce, in its entirety; (2) Eric Waugh in its entirety, including exhibits; (3) Ms. Stacia DeWitt; (4) Mr. Jeremy Hinson; (5) Mr. James LeDuc; (6) Captain Thomas Dill; (7) Sergeant Charlie Dabbs; (8) Officer Susan Powers; and (9) Brian Shelton.

With regard to Mr. Waugh's deposition, Plaintiff states that she recognizes the Court's previous Order, and will not violate it. The depositions of Ms. DeWitt and Mr. Hinson are no longer necessary in light of the Court's previous orders. Because Mr. LeDuc will be at trial live, Plaintiff states that there is no need for the deposition transcript. Plaintiff also states that she has decided not to call on Sergeant Dabbs, Officer Powers, or Officer Shelton or seek to play their depositions at trial. Therefore, the motion is denied as moot as to these depositions.

With regard to Captain Dill's testimony, Defendants submit that page 32, lines 8-25, would violate the Court's Order of January 12, 2007. Plaintiff states that because Captain Dill has been subpoenaed for trial, there should not be a need for his deposition transcript. However, Plaintiff seeks clarification from the Court as to whether Captain Dill may testify to the damage to the automobiles and that such damage was considered by Captain Dill to support his opinion regarding direction of travel for the vehicles. The Court's previous order found that "Captain Dill is permitted to testify as to the location and appearance of the marks, gravel, gouge mark and scuffs, if he claims that same support his opinion as to the direction followed by the two vehicles before impact." However, the Court also stated that "[n]o opinion on speed or fault will be permitted, as such testimony should be left to the accident reconstruction experts."

The portions of the deposition testimony cited would not violate the Court's previous Order. The statements state no opinion on speed or fault, but simply describe Captain Dill's observations regarding the damage to the vehicles involved in the accident. Captain Dill may testify regarding his personal observations of the damage to the vehicles involved. Therefore, the motion is denied on this issue. Dr. Croce's testimony is addressed above, and is admissible.

Accordingly,

IT IS THEREFORE ORDERED THAT Defendants' Motion in Limine to Exclude Certain Scene Photographs (Dkt.# 66) be, and it is hereby, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED THAT Defendants' Motion in Limine to Exclude the Deposition Testimony of Dr. Martin J. Croce (Dkt.# 102) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Defendants' Motion in Limine to Exclude Certificate of Death of Yolanda Wheeler (Dkt.# 104) be, and it is hereby, DENIED as moot.

IT IS FURTHER ORDERED THAT Defendants' Motion in Limine to Exclude the Medical Records of Yolanda Wheeler, (Dkt.# 107) be, and it is hereby, DENIED as moot.

IT IS FURTHER ORDERED THAT Defendants' Motion in Limine to Exclude Photographs of Yolanda Wheeler and Family and Funeral Brochure of Yolanda Wheeler Dkt.# 109) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED THAT , Defendants' Motion in Limine to Exclude Certain Exhibits Identified by Plaintiff (Dkt.# 112) be, and it is hereby, DENIED as moot .

IT IS FURTHER ORDERED THAT  Defendant's Motion (Dkt.# 114) and Amended Motion in Limine to Exclude Certain Depositions (Dkt.# 120) be, and it is hereby, DENIED.

Dated this 6th day of February, 2007.


   _/s/ Garnett Thomas Eisele_
UNITED STATES DISTRICT JUDGE