**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ANN MARIE WHEELER, INDIVIDUALLY**
**AND AS SPECIAL ADMINISRATRIX OF**
**THE ESTATE OF YOLANDA JO WHEELER,**
**DECEASED**                                                                                  **PLAINTIFF**

**v.**                                        **CASE NO. 3:06-CV-00068 GTE**

**JOSHUA R. CARLTON AND**
**MARTEN TRANSPORT, LTD.**                                                    **DEFENDANTS**

<u>**ORDER**</u>

Presently before the Court are Defendant's Bill of Costs and Plaintiff's Motion to Quash Bill of Costs.

**I. Background**

The lawsuit before the Court arose out of a vehicular accident between Mr. Joshua Carlton, an employee of Marten Transport, Ltd. who was operating a tractor and trailer owned by Marten Transport, Ltd., and Ms. Yolanda Wheeler. Yolanda Wheeler died as a result of the injuries she sustained in the accident of October 4, 2005. Plaintiff Ann Marie Wheeler, Administrator of the estate of Yolanda Wheeler, brought this action seeking damages related to her death.

On February 12, 2007, a jury found in favor of Defendants by answering "No" to the Interrogatory, "Do you find the Defendant, Joshua R. Carlton, was negligent and that his negligence was a proximate cause of Plaintiff's damages?". On February 19, 2007, Defendant submitted a Bill of Costs, which totals $22,448.16. On February 20, 2007, the Court entered a

1

Judgment in favor of Defendants, and dismissed the Complaint with prejudice.  On February 23, 2007, Plaintiff filed her Motion to Quash Bill of Costs.

**II.  Bill of Costs and Motion to Quash Bill of Costs**

Plaintiff argues that the Court should find that an award of costs would work a substantial hardship upon Plaintiff and deny the bill of costs in its entirety.  Plaintiff Ann Wheeler states that she is a part-time substitute teacher for the Blytheville Public Schools, and an examplar pay check indicates that as of November 30, 2006, Ann Wheeler had made only $2,038.35 for the entire year.  Regarding the Estate, Plaintiff states that Ann Wheeler testified at her first deposition that the only asset that the decedent had was a house, that it was not paid off, and that the family had made a decision for now to keep the house as it is the decedent's son's only "real connection to his mother."

Defendant argues that Plaintiff's recitation of her earnings is misleading, as Plaintiff has produced no evidence or information concerning her assets.  Furthermore, Defendant states that Plaintiff and her husband, Keeley Wheeler, own a home, and undoubtedly, have many other assets.  Defendant also notes that Plaintiff brought this action for the benefit of herself and other beneficiaries, and discusses the fact that some of those other beneficiaries are employed.  Additionally, Defendant states that the decedent's son, Joshua Devon Johnson, is the beneficiary of a $250,000 life insurance policy that has "been turned over to" Ann Wheeler and her husband.  Defendant also notes that Plaintiff has provided no information regarding the equity in the home of the decedent.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;

28 U.S.C. § 1923(a). "While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) *(*citing *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Id.*

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir.2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." ***Greaser v. State, Dept. of***

*Corrections*, 145 F3d 979, 985 (8th Cir. 1998)(upholding district court's denial of costs to prevailing defendant in discrimination case). Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Greaser*, 145 F.3d at 985.

Also, the Court may consider Plaintiff's limited financial resources. *Cross v. General Motors Corp*., 721 F.2d 1152, 1157 (8th Cir. 1983). The court in *Wal-Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 594-95 (W.D. Ark. 1988), stated:

> In Bartel, *Taxation of Costs and Awards of Expenses (1984),* 101 F.R.D. 553, the author at p. 559, cites numerous cases from many jurisdictions for the conclusion that "an award of costs is within the 'sound discretion of the district court.' " The author of that article also sets forth, beginning at p. 561, a wide range of reasons that have been invoked by courts to justify withholding costs from the prevailing party. Among those reasons are "absence of clear victory" and "indigency and good faith."
> . . .
> In Bartel, *supra,* at p. 561, it is said that: "the most common bases for denying costs to prevailing defendants have been the indigency of the losing plaintiff...." (citing cases). In cases such as *Maldonado v. Parasole,* 66 F.R.D. 388, 390 (E.D.N.Y.1975), courts have said that: "indigency is a proper ground for denying costs in cases where there is a wide disparity of economic resources between the parties."
> . . .
> The Court of Appeals for the Eighth Circuit recognized the trial court's right and discretion to deny costs to a prevailing party in the case of *Boyd v. Ozark Airlines, Inc.,* 568 F.2d 50, 55 (8th Cir.1977). The Court said:
>
>> While costs are normally awarded to the prevailing party, such an award is within the sound discretion of the trial court. Fed. R. Civ. Proc. 54(d); 6 Moore's Federal Practice § 54.70[5] (2d ed. 1976). Since the trial court did award Boyd $2,500 in attorneys' fees, we cannot say that it abused its discretion in failing to award her costs as well.

However, even assuming that the litigants here are indigent, "unsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *McGill v. Faulkner,* 18 F.3d 456, 458 (7th Cir. 1994). While this is a close question, the Court declines to deny costs in their entirety. Therefore, the Court must consider the specific objections by the Plaintiff to Defendant's Bill of Costs.

### A. Court Costs

Plaintiff cites *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987), for the proposition that the $350.00 removal fee incurred by Defendant is not a taxable cost. Defendant argues that, in *Pershern*, the Eighth Circuit found that "Section 1920 does not authorize the taxing of state court filing fees or removal bond premiums in removal actions," not the removal fee. *Id.*

"A filing fee is a 'fee of the clerk' which is typically allowed as part of costs under Section 1920." *Card v. State Farm Fire and Cas. Co.*, 126 F.R.D. 658, 660 (N.D. Miss. 1989) Court fees are allowed as costs whether they are fees which are paid when the action was initially filed or when the action was removed. *Id.* (citing *Raio v. American Airlines, Inc.,* 102 F.R.D. 608, 611 (E.D. Penn.1984); *Department of Highways v. McWilliams Dredging Co.,* 10 F.R.D. 107, 108 (W.D. La.1950), *aff'd,* 187 F.2d 61 (5th Cir. 1951)). *See also McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 37 (N.D.N.Y. 1994). The Court finds that this fee is taxable and awards Defendants $350.00 for the removal fee as a fee of the clerk.

### B. Court Reporter Fees for Depositions

Defendants claim $15,490.91 for court reporter fees for depositions for twenty-seven depositions. Plaintiff argues that only two of these depositions were used at trial by Defendants–the deposition of Eric Waugh and the deposition of Ann Wheeler taken on December 5, 2006. Plaintiff notes that Ann Wheeler was present at trial and could have been called as a live witness. Plaintiff states that the remaining twenty-five depositions were not utilized at trial and almost half of the witnesses did not testify at trial. Plaintiff also objects to the expedited delivery of transcripts and videotaping of every deposition. However, the Court notes that according to its records, Dr. Martin Croce's video deposition was played at trial.

Depositions that are merely investigative, preparatory, or useful for discovery, rather than for the presentation of the case typically are not taxable costs. *See* Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 428; *Koppinger v. Cullen-Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975) ("[T]he expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary for the case and not purely investigative in nature."). This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative. "When a deposition is not actually used at trial, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." See 10 Wright, Miller, & Kane, <u>Federal Practice and Procedure</u>, § 2676 at 424.

### 1. Video Costs

Defendant claims "video costs" for twenty-two witnesses. However, the only video depositions played at trial were the October 3, 2006, deposition of Eric Waugh, the December 5, 2006, deposition of Ann Wheeler, and the December 7, 2006, deposition of Dr. Croce. Because the depositions of Mr. Waugh and Dr. Croce were presented in video format to the jury, the Court awards the $95.00 and $125.00 claimed by Defendants for the cost of videotaping Mr. Waugh's and Dr. Croce's deposition testimony, respectively. However, as written deposition transcripts were obviously available, and Ms. Wheeler was present at trial, the Court denies all other videotaping costs of the depositions. Such additional expense was not reasonably necessary.

### 2. Gena Smith

Defendants claim $212.30 for the deposition transcript of Gena Smith, and $32.00 for the attendance fee of the court reporter. Defendants state that they "felt it necessary to depose Ms. Smith in order to confirm her testimony with regard to what she saw and also preserve that testimony for trial in case Ms. Smith was unavailable." Defendants also state that Ms. Smith's deposition was utilized by the Defendants in their unsuccessful opposition to Plaintiff's Amended and Substituted Motion for Leave to Amend Complaint. Ms. Smith was a witness listed on the crash report and an individual having information relevant to the action. She also testified at trial as a key witness for the Defendants. The Court awards $244.30 for the deposition transcript of Ms. Smith and court reporter's attendance fee.

### 3. Officers of the West Memphis Police Department

Defendants claim the costs of deposing the investigating officers and those at the scene of the accident. Defendants claim $322.40 for the deposition transcript of Officer Susan Powers and $32.00 for the court reporter's attendance fee; $116.10 for the deposition transcript of Sergeant Brian Shelton and $32.00 for the court reporter's attendance fee; $138.70 for the deposition transcript of Sergeant Charlie Dabbs and $32.00 for the court reporter's attendance fee; $172.80 for the deposition transcript of Officer Jimmy Evans and $40.00 for the court reporter's attendance fee; and $63.60 for the deposition transcript of Lieutenant Regina Meek and $40.00 for the court reporter's attendance fee. Defendants state that they used these depositions in support of their Motion in Limine - Opinion/Hearsay Testimony of West Memphis, Arkansas Police Officers (Docket No. 70). However, this was not a dispositive motion, but simply a motion to prohibit Plaintiff from introducing any opinion testimony of these officers.

Defendants also state that had the Plaintiff chosen to call these officers, the deposition transcripts would have been utilized by Defendants for cross-examination purposes. While Plaintiff asserts that Defendants are attempting to tax costs for expediting the delivery of the transcripts of Officer Shelton, Sergeant Dabbs, Officer Powers, Officer Evans, and Lieutenant Meek, Plaintiff provides no authority for such an assertion. Defendants note that Plaintiff listed Officer Powers, Sergeant Shelton, and Sergeant Dabbs as individuals having information relevant to the action, and as witnesses on Plaintiff's Pre-Trial Disclosures. The Court awards Defendants $354.40 for the deposition transcript of Officer Powers and the court reporter's attendance fee, $148.10 for the deposition transcript of Sergeant Shelton and the court reporter's attendance fee,

and $170.70 for the deposition transcript of Sergeant Dabbs and the court reporter's attendance fee.

While Defendants state that Officer Evans and Lieutenant Meek were not listed by Plaintiff as individuals with information relevant to the action, Defendants felt it necessary to take brief depositions to determine if they had information relevant to the case. The Court denies these costs, as Defendants have not demonstrated that these depositions were reasonably necessary for the case, and not purely investigative.

Defendants also claim $185.60 for the deposition transcript of Captain Thomas Dill, who performed the "reconstruction" for the West Memphis Police Department, and $32.00 for the court reporter's attendance fee. Defendants state that Captain Dill was listed as an individual having information relevant to the action, as a witness on the Plaintiff's Final Witness List contained in Plaintiff's Pre-Trial Disclosures (Docket No. 97), and was called as a witness. Defendants assert that they utilized the transcript for cross-examination purposes and in their Motion in Limine regarding Captain Dill (Docket No. 55). The Court awards Defendants $217.60 for the deposition transcript of Captain Dill and the court reporter's attendance fee.

### 4. Ann Wheeler

Defendants claim $366.60 for the August 23, 2006, deposition transcript of Ann Wheeler and $40.00 for the court reporter's attendance fee on that date, and $141.60 for the December 5, 2006, deposition of Ann Wheeler, and $16.00 for the court reporter's attendance fee on that date. Defendants state that they "felt it necessary to depose Mrs. Wheeler to obtain information relevant to several aspects of the case," and the second deposition was necessary because her

testimony in the first deposition concerning the last time she spoke with her daughter was inconsistent with cellular telephone records obtained by the Defendants.  Defendants assert that both depositions were utilized by Defendants at trial in their case in chief, although Plaintiff states that only the December 5, 2006, deposition was introduced at trial.  However, as stated above, Plaintiff argues that the use of Ann Wheeler's deposition was unnecessary because she was present and testified at trial, and could have been called as a live witness on this issue.  The Court awards Defendants $564.20 for the deposition transcripts of Ann Wheeler and the court reporter's attendance fees.

### 5. Jennifer Nesbit

Defendants claim $859.00 for the deposition costs of Jennifer Nesbit, which was taken in Fort Worth, Texas, where Ms. Nesbit resided at the time of the deposition.  Defendants state that had Ms. Nesbit remained in Fort Worth, Texas, they would have used the deposition at trial, but that Ms. Nesbit returned to Marion, Arkansas to live prior to the time of trial, causing her to be subject to subpoena and making it unnecessary to utilize her deposition.  Defendants also state that Ms. Nesbit's deposition was utilized by the Defendants in response to Plaintiff's Amended and Substituted Motion for Leave to Amend Complaint.

It is clear to the Court that Ms. Nesbit was a key witness in this action.  Furthermore, it appears that at the time Defendants decided to depose Ms. Nesbit, they were uncertain of their ability to require her to appear as a live witness.  Therefore, the deposition reasonably seemed necessary at the time it was taken.

However, Plaintiff also notes that Ms. Nesbit's deposition was both an "Expedited Oral Deposition" and the shipping was "Overnight Expedited Delivery." Defendants respond that the reason for obtaining Ms. Nesbit's deposition on an expedited basis is that it was utilized in responding to Plaintiff's Amended and Substituted Motion for Leave to Amend Complaint, which they filed only days after receiving the expedited deposition. However, the Court notes that Defendants' opposition to Plaintiff's motion was unsuccessful. The Court declines to tax the costs of expediting the deposition and shipping. Unfortunately, the Court has no way to know what the cost of the deposition would have been but for the additional costs for expediting the deposition and shipping. Furthermore, it is unclear whether the cost of expedited shipping is included in the $859.00 claimed. Therefore, the Court awards Defendants $500.00 for Ms. Nesbit's deposition transcript.

### 6. Counseling Consultants Employees

Defendants claim $303.35 for the deposition transcript of Rhonda King, the Human Resources Director for Counseling Consultants, the decedent's employer at the time of the accident, and $40.00 for the court reporter's attendance fee. Defendants state that Ms. King was listed as an individual having information relevant to the action, as a witness on the Plaintiff's Final Witness List contained in Plaintiff's Pre-Trial Disclosures (Docket No. 97), and they used the deposition for cross-examination purposes, as Ms. King was a witness for the Plaintiff.

Defendants also claim $94.40 for the deposition transcript of Rick Overturf, the decedent's assistant at Counseling Consultants, and $40.00 for the court reporter's attendance fee. Defendants assert that Mr. Overturf was listed as an individual having information relevant

to the issues in the case and as a witness for the Plaintiff. While Plaintiff did not call Mr. Overturf to testify at trial, Defendants state that had he been called, they would have utilized his deposition transcript for cross-examination purposes. Although Plaintiff asserts that Defendants are attempting to tax costs for expediting the delivery of the transcript of Mr. Overturf, Plaintiff provides no authority for such an assertion.

The Court awards Defendants $343.35 for the deposition transcript of Ms. King and the court reporter's attendance fee, and $134.40 for the deposition transcript of Mr. Overturf and the court reporter's attendance fee.

### 7. Experts

Defendants claim $1,911.80 for the deposition transcript of Charles R. Atkinson, the Plaintiff's reconstruction expert, and $298.50 for the court reporter's attendance fee. Defendants state that Mr. Atkinson was called as a witness by the Plaintiff, and Defendants utilized his deposition for cross-examination purposes and their unsuccessful Motion in Limine–Charles R. Atkinson (Docket No. 47).

Defendants also claim $490.20 for the deposition transcript of Robert E. Marsh, the Plaintiff's economist, and $298.50 for the court reporter's attendance fee. Mr. Marsh was called as witness by the Plaintiff, and Defendants state that they utilized his deposition for cross-examination purposes. Although Plaintiff alleges that Defendants also seek $91.00 for the Federal Express mailing of the deposition transcript, it is clear that the $490.20 does not include the shipping cost.

Additionally, Defendants claim $820.80 for the deposition transcript of William E. Hampton, Plaintiff's expert retained to evaluate the hiring practices of Marten Transport, Ltd., and $80.00 for the court reporter's attendance fee. On January 4, 2007, the Court granted Defendants' Motion for Summary Judgment on the punitive damages issue, Defendants' Motion to Dismiss Plaintiff's negligent hiring and retention claim, and Defendants' Motion in Limine to exclude the opinion testimony of Mr. Hampton. Although the Court excluded Mr. Hampton's testimony, in an abundance of caution, the Court assumed that Mr. Hampton's testimony would be admissible for purposes of the summary judgment motion.

"The justification for taxing the expense of a deposition that is introduced in evidence also supports taxing the expense of a deposition employed on a successful motion for summary judgment." *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure*, § 2676 at 423. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost is taxable is determined by determining whether the deposition reasonably seemed necessary at the time it was taken." See 10 Wright, Miller, & Kane, Federal Practice and Procedure, § 2676 at 424.

The Court awards Defendants $2,210.30 for the deposition transcript of Mr. Atkinson and the court reporter's attendance fee, $788.70 for the deposition transcript of Mr. Marsh and the court reporter's attendance fee, and $900.80 for the deposition transcript of Mr. Hampton and the court reporter's attendance fee.

### 8. Keeley Wheeler

Defendants claim $92.20 for the deposition transcript of Keeley Wheeler, the decedent's father and the Plaintiff's husband, and $16.00 for the court reporter's attendance fee. Defendants state that after the recovery of the decedent's cellular telephone records, Defendants took a brief discovery deposition for the purposes of discussing those records and the financial losses of the various beneficiaries. Mr. Wheeler was called as a witness by the Plaintiff, but Defendants chose not to cross-examine Mr. Wheeler because of the direct testimony he offered, but that if cross-examination had been necessary, the deposition may have been used during that process. The Court awards Defendants $108.20 for the deposition transcript of Keeley Wheeler and the court reporter's attendance fee.

### 9. Robert Lewis

Defendants claim $73.50 for the deposition transcript of Robert Lewis, who was identified by the Plaintiff as an individual with information relevant to the action and a witness on the scene of the accident, and $16.00 for the court reporter's attendance fee. Mr. Lewis did not testify at trial and was not listed as a witness on the Plaintiff's Final Witness List contained in Plaintiff's Pre-Trial Disclosures (Docket No. 97). The Court denies these costs, as Defendants have not demonstrated that this deposition was reasonably necessary for the case, and not purely investigative.

### 10. Latoya Butler

Defendant claims $141.40 for the deposition transcript of Latoya Butler, a friend of the decedent listed as an individual with information relevant to the action, and $16.00 for the court

reporter's attendance fee. The Plaintiff called Ms. Butler at trial, and Defendant states that her deposition would have been used for cross-examination purposes if necessary. The Court awards Defendants $157.40 for the deposition transcript of Ms. Butler and the court reporter's attendance fee.

### 11. Joyce Lewis

Defendants claim $104.50 for the deposition transcript of Joyce Lewis, a friend of the Plaintiff who knew the decedent, and $15.00 for the court reporter's attendance fee. Ms. Lewis was identified as an individual having information relevant to the action, and Defendants state that they "felt it necessary to take a brief discovery deposition of Ms. Lewis in order to prepare for trial and, had she been called by the Plaintiff as a witness, her deposition transcript may have been used for cross-examination purposes. Ms. Lewis did not testify at trial and was not listed as a witness on the Plaintiff's Final Witness List contained in Plaintiff's Pre-Trial Disclosures (Docket No. 97). The Court denies these costs, as Defendants have not demonstrated that this deposition was reasonably necessary for the case, and not purely investigative.

### 12. Plaintiff's Depositions - Joshua Carlton, Stacia DeWitt, James LeDuc, Jeremy Hinson, Melissa Anibas, Eric Waugh, Dr. Martin Croce, and Dr. Ronald B. Cox

Defendants claim $603.00 for the deposition transcript of Joshua Carlton, a defendant in this action, and $40.00 for the court reporter's attendance fee. Defendants also claim $159.00 for the deposition transcript of Stacia DeWitt, the director of recruiting for Marten Transport, Ltd. Defendants cited Mr. Carlton's and Ms. DeWitt's depositions in their Motion for Summary Judgment on the punitive damages issue, which led to the dismissal of the negligent hiring and

retention claim. Therefore, the Court awards $643.00 for the deposition transcript of Mr. Carlton and the court reporter's attendance fee, and $159.00 for the deposition transcript of Ms. DeWitt.

Additionally, Defendants claim $187.81 for the deposition transcript of James LeDuc, $193.00 for the deposition of Jeremy Hinson, and $101.00 for the deposition transcript of Melissa Anibas. However, Defendants fail to explain the relationship of these individuals to this case, or the necessity of obtaining a copy of the transcripts of these depositions. The simple fact that Plaintiff chose to depose these individuals is not determinative of whether obtaining copies of transcripts of those depositions is reasonably necessary. Additionally, these individuals were not listed as witnesses on the Plaintiff's Final Witness List contained in Plaintiff's Pre-Trial Disclosures (Docket No. 97), and did not testify at trial. Therefore, the claims for these deposition transcripts are denied.

Defendants claim $318.85 for the deposition transcript of Eric Waugh. Mr. Waugh's video deposition was played at trial. As Mr. Waugh's deposition testimony was used at trial, and Federal Rule of Civil Procedure 32(c) requires that a stenographic transcript of the deposition be provided to the Court if the deposition is presented in non-stenographic form, the Court grants Defendants' request for $318.85 for the deposition transcript of Mr. Waugh.

Defendants claim $52.90 for the deposition transcript of Dr. Martin Croce, the physician that treated Plaintiff after the accident. Dr. Croce's video deposition was played at trial. As Dr. Croce's deposition testimony was used at trial, and Federal Rule of Civil Procedure 32(c) requires that a stenographic transcript of the deposition be provided to the Court if the deposition

is presented in non-stenographic form, the Court awards Defendant $52.90 for the deposition transcript of Dr. Croce.

Finally, Defendants claim $187.50 for the deposition transcript of Dr. Ronald B. Cox, Defendant's accident reconstruction expert, who testified at trial. The Court awards Defendant $187.50 for the deposition transcript of Dr. Cox.

### C. Witness Fees/Service of Subpoenas

#### 1. Witness Fees

The amount of witness fees that may be charged under 28 U.S.C. § 1920(3) is governed by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance. Mileage is addressed in subsection (c). Plaintiff cites *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006), for the proposition that witness fees and subpoenas of witnesses who did not testify at trial and whose depositions were not introduced at trial are not recognized under Section 1920. However, in that case, the district court refused to award costs for witnesses who did not testify at trial because the Bill of Costs Handbook used by the District of Nebraska "provide[d] that witness fees will not be taxed if the witness is subpoenaed for trial but does not testify, or if the witness is deposed but the transcript is not used at trial or in support of a motion." *Id*. The Court is unaware of any such rule in this district.

Section 1821 clearly provides that "a witness . . . before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section." The Court found that the depositions of Ms. Smith, Ms. Nesbit, Sergeant Shelton, Sergeant Dabbs, Captain Dill, Officer Powers, Ms. King, Mr. Overturf, Ms. Butler, Mr. Atkinson, and Mr. Marsh were reasonably necessary. Therefore, the Court awards witness fees and mileage for the depositions of those individuals. Additionally, the Court awards witness fees and mileage for trial for Ms. Smith, Ms. Nesbit, and Dr. Cox. However, the Court denies witness fees for Officer Evans, Lieutenant Meek, Mr. Lewis, and Ms. Lewis. The Court awards witness fees in the amount of $800.56.[1]

### 2. Service of Subpoenas

Defendants claim $486.80 in fees for the service of summons and subpoenas. The invoices and checks submitted by Defendants are from Lawyers Civil Process, Inc. and Helton Private Process Server. In *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit clearly stated that fees associated with the use of a "special process server [are not recoverable] because 28 U.S.C. § 1920 (1982) contains no provision for such expenses." (citing *Zdunek v. Washington Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C.1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371-72 (1983)). Therefore, this Court is required to deny Plaintiffs' request for $486.80 in fees for service.

### D. Costs for the Data Company

Finally, Defendants claim $5,145.99 for costs associated with the Data Company, an outside vendor, run the technology at trial. Plaintiff states that such costs are not taxable under

---

[1]$40 per day, plus mileage, as provided for in 28 U.S.C. § 1821.

Section 1920.  Defendants counters that such costs fall under the category for "fees for exemplification and copies of papers necessarily obtained for use in the case."

Defendants cite *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-29 (7th Cir. 2000), in which the Seventh Circuit remanded a case to the district court when that court denied the award of costs for multi-media presentation based solely on her determination that such costs resulted from the presentation of exhibits rather than the physical preparation of them.  However, the court acknowledged that the district judge could have denied the costs on other grounds, stating that "even when a particular item qualifies as exemplification, a court must still determine whether it was 'necessarily obtained for use in the case.'" The court suggested that judges consider factors such as whether "the exemplification [was] vital to the presentation of the information, or was [] merely a convenience or, worse, an extravagance."  *Id*. at 428-29 (citing *McDowell v. Safeway Stores, Inc.*, 758 F.2d 1293, 1294 (8th Cir. 1985) (per curiam)).  *See also Summit Technology, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1376-77 (Fed. Cir. 2006) (surveying the applicable cases and citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F.3d 1293, 1296-97 (11th Cir. 2001) ("Because the videotape exhibits and the computer animation are neither copies of paper nor exemplifications within the meaning of § 1920(4), ... taxing these costs was error."); *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir. 1993) (reviewing a request for recovery of travel expenses and enlargements related to trial exhibits and holding that "[t]hese expenses are not included in § 1920 and therefore are not recoverable"); *Am. Trim, L.L.C. v. Oracle Corp.,* 230 F. Supp. 2d 803, 806-07 (N.D. Ohio 2002); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 427 (7th Cir.2000) (interpreting "exemplification" to "signif[y] the act of illustration by example, a connotation broad enough to include a wide variety of exhibits and

demonstrative aids"; *Schering Corp. v. Amgen, Inc.,* 198 F.R.D. 422, 428 (D. Del. 2001) (holding that, in considering whether a video exhibit is taxable under section 1920(4), "[t]he standard the court will apply to direct its discretion is whether the video materially aided [the judge's] understanding of the technological issues in the case")); *Kohus v. Toys R Us*, Inc., 282 F.3d 1355 (Fed. Cir. 2002) (rejecting the Seventh Circuit's broad construction of Section 1920 and finding that the video in that case was not an exemplification and that the district court had no statutory authority to award costs for the video).

Although the use of The Data Company may have been more efficient and convenient to the parties, and at times even aided the Plaintiff's presentation, the Court finds that the use of The Data Company was not necessary to present the exhibits and videotapes to the jury. Therefore, the Court denies Defendant's claim.

## CONCLUSION

FOR THE REASONS STATED ABOVE, IT IS THEREFORE ORDERED that Defendants' Bill of Costs (Docket No. 136) is GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash Bill of Costs (Docket No. 139) is GRANTED in part, and DENIED in part.

Defendants are awarded a total of $9,574.26, which consists of $350.00 for the removal fee as a fee of the clerk, $8,423.70 in court reporter fees for depositions,[2] and witness fees in the

---

[2]This total consists of the following: $95.00 for the cost of videotaping Mr. Waugh's deposition testimony, $125.00 for the cost of videotaping Dr. Croce's deposition testimony, $244.30 for the deposition transcript of Ms. Smith and court reporter's attendance fee, $354.40 for the deposition transcript of Officer Powers and court reporter's attendance fee, $148.10 for the deposition transcript of Sergeant Shelton and court reporter's attendance fee, and $170.70 for the deposition transcript of Sergeant Dabbs and court reporter's attendance fee, $217.60 for the deposition transcript of Captain Dill and the court reporter's attendance fee, $564.20 for the

amount of $800.56.  All other requested costs are denied.

Dated this 2nd day of April, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

deposition transcripts of Ann Wheeler and the court reporter's attendance fees, $500.00 for the deposition costs of Ms. Nesbit, $343.35 for the deposition transcript of Ms. King and the court reporter's attendance fee, and $134.40 for the deposition transcript of Mr. Overturf and the court reporter's attendance fee, $2210.30 for the deposition transcript of Mr. Atkinson and the court reporter's attendance fee, $788.70 for the deposition transcript of Mr. Marsh and the court reporter's attendance fee, and $900.80 for the deposition transcript of Mr. Hampton and the court reporter's attendance fee, $108.20 for the deposition transcript of Mr. Wheeler and the court reporter's attendance fee, $157.40 for the deposition transcript of Ms. Butler and the court reporter's attendance fee, $643.00 for the deposition transcript of Mr. Carlton and the court reporter's attendance fee, $159.00 for the deposition transcript of Ms. DeWitt, $318.85 for the deposition transcript of Mr. Waugh, $52.90 for the deposition transcript of Dr. Croce, and $187.50 for the deposition transcript of Dr. Cox.